**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-7096**

_____

JOSHUA DETHERAGE,

       Plaintiff - Appellant,

    v.

MURRAY, Ex. Judge; RICHARD SMOOTHERMAW GARDNER, Ex. Judge/(DA); INGLE, DHS, CPS,

       Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jamar Kentrell Walker, District Judge.  (2:23-cv-00141-JKW-DEM)

_____

Submitted:  July 29, 2025                                      Decided:  July 31, 2025

_____

Before KING, WYNN, and BERNER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Joshua Detherage, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Detherage seeks to appeal the district court's order dismissing without prejudice Detherage's 42 U.S.C. § 1983 action for improper venue. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on May 30, 2023, and the appeal period expired on June 29, 2023. Detherage filed the notice of appeal on November 6, 2024.[*] Because Detherage failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Detherage could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2